UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| GWENNETTE WILSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 4:11CV790 RWS |
| | ) | |
| ST. CHARLES COUNTY, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**<u>MEMORANDUM</u>**

Defendant Taser has filed yet another motion in this case, this time a second motion to exclude certain opinions of plaintiff's expert Michael Leonesio. The Court is concerned that the parties are not using their best efforts to prepare for the mediation scheduled on August 26, 2014. It appears that the parties — and in particular, Taser — may be intending to simply "go through the motions" of mediation without the requisite good faith in the mistaken belief that the Court will simply grant its pending motions. Well, I have reviewed all the pending motions, and while I am not issuing any rulings until after the conclusion of mediation, I can assure the parties that neither side will be fully satisfied if I am forced to decide these motions. As for the latest motion, no expert opinions will be offered to the jury unless they were properly disclosed. That applies to any expert, not just Mr. Leonesio. I also think plaintiff needs to take a careful look at her complaint filed in this case, because there is no failure to train claim pled against Taser. Both sides have great risks if this case were to go to trial, which is why mediation can be such an effective settlement tool if properly used. That means, among other things, that the parties should assume all motions will be denied, and that they have a realistic understanding of what their case actually is (and is not). If I get any reports that a party has failed to mediate in good

faith, I will sanction the offending party. This is a case that should be settled, and I expect the parties to use their best efforts to do just that.

_____
RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE

Dated this 14th day of August, 2014.